UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHANNON COLLEEN PORTER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-01258 |
| IMC CREDIT SERVICES, LLC d/b/a STATEWIDE CREDIT ASSOCIATION, | DEMAND FOR JURY TRIAL |
| Defendant. | |

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, SHANNON COLLEEN PORTER ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC ("CLP"), complaining of IMC CREDIT SERVICES, LLC d/b/a STATEWIDE CREDIT ASSOCIATION ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendant's unlawful collection practices.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 47 year old natural person residing at 6020 E. County Road 91 N., Lot 22, Avon, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Plaintiff suffers from a variety of physical and mental issues including degenerative disk disease in her neck and back, nerve damage, arthritis, and anxiety. Due to her various conditions, Plaintiff is unable to work and is currently in the process of applying for disability income through the Social Security Administration.

7. Defendant states its mission is "To increase our clients cash flow through the recovery of bad debt and past due accounts while preserving their name and reputation."[1] From its headquarters located at 6957 Hillsdale Court, Indianapolis, Indiana, Defendant is in the business of collecting consumer debts for others, including medical debt allegedly owed by Plaintiff.

8. Defendant is an Indiana corporation that is registered with the Indiana Secretary of State under control number 2007113000302 and collects consumer debts in Indiana.

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 2008.[2]

## FACTS SUPPORTING CAUSES OF ACTION

11. Due to her extensive health problems, Plaintiff has incurred a large amount of medical debt owed to various healthcare providers which she has not been able to satisfy. As a result,

---

[1] http://www.statewidecredit.net/about_us/mission_statement.html
[2] http://www.acainternational.org/memberdirectory.aspx

2

she receives numerous calls and correspondences from different parties seeking payment on medical debt. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

12. Upon information and belief, many of Plaintiff's medical providers have turned the collection of their debts over various third-party collection agencies. Defendant is one of these collection agencies. See Exhibit A.

13. With the goal of evaluating her financial liabilities, Plaintiff pulled her credit report in early May 2016. Among the entries listed on Plaintiff's credit report was Defendant. *Id.*

14. In response to seeing the listing, Plaintiff called Defendant on May 9, 2016 in order to get further information. During the call, Plaintiff spoke with a representative who identified herself as Jackie. *Id.*

15. Plaintiff advised Jackie that she had pulled her credit report and was looking for information. Jackie verified Plaintiff's identity through means of her social security number. *Id.*

16. Jackie stated that Plaintiff had quite a few accounts with Defendant and that some of the accounts were grouped with her husband's accounts. In total, Jackie represented that Plaintiff owed approximately $31,000.00 ("subject consumer debt"). *Id.*

17. Plaintiff informed Jackie that she was in the process of applying for disability. This prompted a discussion regarding the availability of settlement options. *Id.*

18. At no point during the May 9, 2016 phone call did Defendant advise that it was acting in the capacity of a debt collector. *Id.*

19. Upon information and belief, Defendant routinely fails to provide the above disclosures to consumers during its telephonic debt collection activity.

20. Confused over Defendant's relationship to the subject consumer debt and ability to collect payment, Plaintiff spoke with CLP regarding her rights.

21. Plaintiff has incurred costs and expenses consulting with her attorneys as a result of Defendant's collection actions.

22. Plaintiff has suffered financial loss as a result of Defendant's collection actions.

23. Plaintiff has been unfairly misled by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The failure to disclose in the initial communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

26. Defendant violated 15 U.S.C. §§1692e, e(11), and f during the May 9, 2016 phone call with Plaintiff. During this call, Defendant did not advise Plaintiff that it was acting in the capacity of a debt collector with regards to the subject consumer debt. This communication was not a formal pleading made in connection with a legal action. As such, the FDCPA requires that Defendant specifically disclose to Plaintiff that it was a debt collector.

27. Due to her health problems, Plaintiff is regularly contacted by a variety of parties seeking payment of medical debt. These parties include both original creditors as well as third-

4

party agencies.  The numerous contacts make it very difficult for Plaintiff to comprehend the exact identity of the party she is speaking to without be properly advised.  By failing to disclose its identity as a debt collector, Defendant materially contributed to Plaintiff's confusion.

28.  As an experience and sophisticated debt collector, Defendant knows that it is required to make the above disclosures.  Plaintiff asserts that Defendant routinely ignores making these disclosures during its telephonic debt collection practices.  Defendant gains an unfair advantage by failing to advise of its status as a debt collector, knowing that consumers are more likely to pay an original creditor over a third-party.

29.  Defendant's communication with Plaintiff was materially misleading and sought to gain an unfair advantage over her.  As plead in paragraphs 20 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal collection actions.

WHEREFORE, Plaintiff, SHANNON COLLEEN PORTER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 22, 2016                               Respectfully Submitted,

                                                                   s/ Nathan C. Volheim
                                                                   Nathan C. Volheim, Esq. #6302103
                                                                   David S. Klain, Esq. #66305

Counsel for Plaintiff
Admitted in the Southern District of Indiana
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
nate.v@consumerlawpartners.com
davidklain@aol.com